UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
Monroe Division

| | |
|---|---|
| LABRITTANY K. HASSEN | CIVIL ACTION NO. 17-750 |
| VERSUS | JUDGE |
| RUSTON LOUISIANA HOSPITAL COMPANY LLC. DBA NORTHERN LOUISIANA MEDICAL CENTER | MAGISTRATE JUDGE |

COMPLAINT FOR DAMAGES
WITH DEMAND FOR JURY TRIAL

Plaintiff, LABRITTANY K. HASSEN, sets forth her claims for relief as follows:

JURISDICTION

1.

Jurisdiction of this court is invoked pursuant to 42USC§2000 e-5f (Title VII ) and 28 USC §1343 (A) (1), and (4).

2.

Plaintiff, LABRITTANY K. HASSEN, was employed by Defendant as a registered nurse at all relevant times referred to herein, in Ruston, Louisiana.

3.

Defendant, RUSTON LOUISIANA HOSPITAL COMPANY LLC is foreign entity doing business in the Western District of Louisiana; as NORTHERN LOUISIANA MEDICAL CENTER which is an employer as defined in 42USC§2000e-(b), engaged in an industry affecting commerce and employing more than 15 persons. Unlawful employment practices alleged herein were committed by the agents of the Defendants in the Western District.

FIRST CLAIM

4.

Plaintiff was hired by Defendant as a registered nurse on or about February 13, 2012.

5.

Two white nurses were hired full time about the same time, however Plaintiff was hired as PRN (as needed) while both white nurses were new graduates with no experience; and one only had a temporary license to practice.

6.

In giving preference to a white applicant with less experience, Defendant has discriminated against Plaintiff because of her race in violation of 42USC§2000 *et seq*.

SECOND CLAIM

7.

Plaintiff worked 36 hours each week, which was considered full- time, however she was never offered a full- time position, which would give her the benefits of insurance, leave, and vacation time.

8.

In Mid -April, 2012, Plaintiff saw a posting for a full-time position after two staff nurses resigned, and asked to be placed in the full-time position.

9.

Plaintiff's request to take the full-time position was denied, saying she was not qualified, without giving any further explanation.

10.

On or about May 4, 2012, Plaintiff's supervisor stated that Plaintiff would be removed from the schedule, effective May 16, 2012 unless she obtained *Advanced Cardiac Life Support* Certification. Plaintiff obtained the certification May 3, 2012

11.

On June 11, 2012, when Plaintiff contacted the director to schedule a shift, she was told that she had been purged from the system and was no longer an employee of the hospital.

12.

Plaintiff shows that the full-time nurse on staff did not have the certification, and was not removed from the schedule.

13.

Plaintiff was the sole Black registered nurse on staff at the hospital; and shows that she was terminated because of her race.

14.

Defendant has intentionally engaged in unlawful employment practices by denying Plaintiff equal employment opportunities because of her race, in violation of 42USC§2000 *et seq*.

15.

On July 3, 2012, Plaintiff, LABRITTANY K. HASSEN filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging discrimination because of her race.

16.

After investigation and finding discrimination, EEOC attempted conciliation which failed; and thereafter notified Plaintiff by letter dated March 20, 2017 that she was entitled to initiate a civil action in the United States District Court as provided in 42 USC§2000 e-5 (e) and (f). (Attachment A)

17.

Plaintiff has suffered lost wages and mental anguish and continues to suffer irreparable harm by reason of the illegal practices of Defendant.

18.

As a result of the unlawful acts of Defendant, Plaintiff has suffered damages and seeks lost wages and lost benefits with interest; punitive damages equal to the amount of wages and benefits lost; plus interest; reasonable attorney fees; and all costs of prosecution of this claim.

19.

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42USC§2000 et seq. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays that this court:

A) Order Defendant by mandatory injunction to enjoin from engaging in the above unlawful employment practices and take such affirmative actions as are necessary to assure that the effects of said violations are eliminated;

B) Order Defendant to compensate Plaintiff with back pay and compensatory, and punitive damages for the losses she sustained by reason of its violations;

C) Order Defendant to pay Plaintiff's costs in this action, including reasonable attorney fees; and

(D) Order all general and equitable relief as the Court deems necessary or proper.

                                                                                     S/DIANNE HILL
                                                                                DIANNE HILL (14992)
                                                                                ATTORNEY AT LAW
                                                                                1401 HUDSON LANE STE 137
                                                                                MONROE, LA 71201
                                                                                (318) 325-6398

<u>Service:</u>
       RUSTON LOUISIANA HOSPITAL COMPANY LLC.
       Through its agent for service
       Corporation Service Company
       501 Louisiana Avenue
       Baton Rouge, La 70802